KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
LAURA K. LIN (State Bar No. 281542)
laura.lin@mto.com
MUNGER, TOLLES & OLSON LLP
560 Mission Street
Twenty-Seventh Floor
San Francisco, California 94105-2907
Telephone:   (415) 512-4000
Facsimile:    (415) 512-4077

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Marvel Characters, Inc., Disney Enterprises, Inc., Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC,<br><br>             Plaintiffs,<br><br>      v.<br><br>Tee Fury LLC d/b/a TeeFury.com,<br><br>             Defendant. | Case No. 8:16-cv-1285<br><br>COMPLAINT FOR:<br><br>(1) COPYRIGHT INFRINGEMENT<br>(2) TRADEMARK INFRINGEMENT<br>(3) FALSE DESIGNATION OF ORIGIN<br>(4) STATE LAW UNFAIR COMPETITION<br><br>DEMAND FOR A JURY TRIAL |

Plaintiffs Marvel Characters, Inc., Disney Enterprises, Inc., Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC, by their undersigned attorney, allege on knowledge as to their own acts, and otherwise on information and belief as follows:

**INTRODUCTION**

1.     Plaintiffs file this action to combat infringement of their intellectual property rights.  Defendant owns and operates a retail business that infringes Plaintiffs' copyrights in characters and other works and Plaintiffs' trademarks.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, as

- 1 –
Marvel Characters, Inc. et al. v. Tee Fury LLC: Complaint

Plaintiffs' claims arise under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and the Lanham Act, as amended, 15 U.S.C. § 1051 *et seq.* Plaintiffs' cause of action for unfair competition arises under California statutory and common law. The Court has jurisdiction over this substantial and related claim pursuant to 28 U.S.C. § 1338(b) and § 1367.

## THE PARTIES

### Plaintiffs and Their Copyrights and Trademarks

2. Plaintiff Marvel Characters, Inc. ("MCI") is duly organized and existing under the laws of the State of Delaware, with its principal place of business in Burbank, California.

3. MCI and certain of its affiliated companies engage in the business of merchandising and licensing across a wide variety of goods and services the distinctive characters and elements associated with their comic books, television shows, and motion pictures, including, but not limited to, the well-known and fanciful characters Iron Man, Captain America, Thor, and various characters from *The Agents of S.H.I.E.L.D.*, and *The Guardians of the Galaxy* (hereinafter individually and collectively referred to as the "MCI Copyrights").

4. The MCI Copyrights are covered by one or more registrations with the U.S. Copyright Office. A representative collection of such copyright registrations is included at Exhibit A.

5. MCI also owns trademarks including common law rights, trade names, registrations, and/or registration applications (collectively, the "MCI Trademarks") that incorporate and/or refer to the artwork, characters, and other distinctive elements associated with MCI's comic books, television programs, and motion pictures. MCI holds the right to develop, manufacture, market, license, and sell products featuring the MCI Trademarks. MCI possesses numerous federal registrations covering the MCI Trademarks. A representative collection of such trademark registrations is included at Exhibit B.

6. As a result of widespread advertising and sales by MCI and/or its affiliates and their respective licensees, together with longstanding consumer recognition, the MCI Trademarks are widely recognized as source identifiers of and for authorized MCI products and services. The MCI Trademarks are each inherently distinctive and/or have acquired secondary meaning in the minds of consumers. All authorized merchandising and licensing of the MCI Trademarks is subject to MCI's control over the quality of the licensed goods and services.

7. Plaintiff Disney Enterprises, Inc. ("DEI") is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in Burbank, California.

8. DEI and certain of its affiliated entities engage in the business of merchandising and licensing across a wide variety of goods and services the distinctive characters and elements associated with their motion pictures and television programs, including, but not limited to, the well-known and fanciful characters Mickey Mouse, Stitch, and various other characters from *Sleeping Beauty, Frozen, Inside Out, The Little Mermaid, Hercules, The Princess and the Frog, Peter Pan, The Incredibles, Aladdin, The Jungle Book, Finding Nemo, Beauty and the Beast, Hunchback of Notre Dame, Lilo and Stitch, The Lion King, Alice in Wonderland, The Nightmare Before Christmas, Big Hero 6*, and *Tangled* (collectively, the "DEI Copyrights").

9. The DEI Copyrights are covered by one or more registrations with the U.S. Copyright Office. A representative collection of such copyright registrations is included at Exhibit C.

10. DEI also owns trademarks including common law rights, trade names, registrations, and/or registration applications (collectively, the "DEI Trademarks") that incorporate and/or refer to the artwork, characters, and other distinctive elements associated with DEI's motion pictures and television programs. DEI holds the right to develop, manufacture, market, license, and sell products featuring the

DEI Trademarks. DEI possesses numerous federal registrations covering the DEI Trademarks. A representative collection of such trademark registrations is included at Exhibit D.

11. As a result of widespread advertising and sales by DEI and/or its affiliates and their respective licensees, together with longstanding consumer recognition, the DEI Trademarks are widely recognized as source identifiers of and for authorized DEI products and services. The DEI Trademarks are each inherently distinctive and/or have acquired secondary meaning in the minds of consumers. All authorized merchandising and licensing of the DEI Trademarks is subject to DEI's control over the quality of the licensed goods and services.

12. Plaintiffs Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company Ltd. LLC (jointly "Lucasfilm") are limited liability companies, each duly organized and existing under the laws of the State of California, and each having its principal place of business in San Francisco, California.

13. Lucasfilm and certain of its affiliated entities are engaged in the business of merchandising and licensing across a wide variety of goods and services the distinctive characters and elements associated with their motion pictures and television programs, including, without limitation, characters and elements associated with its *Star Wars* franchise, such as Yoda, Rey, Finn, BB-8, Kylo Ren, Poe Dameron, Darth Vader, Darth Maul, R2-D2, Princess Leia, Han Solo, Chewbacca, Stormtrooper, Boba Fett, the Death Star, Millennium Falcon, Slave I, TIE Fighter, and X-Wing (collectively, the "Lucasfilm Copyrights").

14. The Lucasfilm Copyrights are covered by one or more registrations with the U.S. Copyright Office. A representative collection of such copyright registrations is included at Exhibit E.

15. Lucasfilm also owns trademarks including common law rights, trade names, registrations, and/or registration applications (collectively, the "Lucasfilm Trademarks") that incorporate and/or refer to the artwork, characters, and other

1  distinctive elements associated with Lucasfilm's motion pictures and television
2  programs. Lucasfilm holds the right to develop, manufacture, market, license, and
3  sell products featuring the Lucasfilm Trademarks. Lucasfilm possesses numerous
4  federal registrations covering the Lucasfilm Trademarks. A representative
5  collection of such trademark registrations is included at Exhibit F.

6  16.  As a result of widespread advertising and sales by Lucasfilm and/or its
7  affiliates and their respective licensees, together with longstanding consumer
8  recognition, the Lucasfilm Trademarks are widely recognized as source-identifiers
9  of and for authorized Lucasfilm products and services. The Lucasfilm Trademarks
10 are each either inherently distinctive and/or have acquired secondary meaning in the
11 minds of consumers. All authorized merchandising and licensing of the Lucasfilm
12 Trademarks is subject to Lucasfilm's control over the quality of the licensed goods
13 and services.

14 17.  The MCI Copyrights, DEI Copyrights, and Lucasfilm Copyrights are
15 collectively referred to as "Plaintiffs' Copyrights", and the MCI Trademarks, DEI
16 Trademarks, and Lucasfilm Trademarks are collectively referred to as "Plaintiffs'
17 Trademarks". Plaintiffs' Copyrights and Plaintiffs' Trademarks are collectively
18 referred to as "Plaintiffs' Properties".

### Defendant

20 18.  On information and belief, Defendant Tee Fury LLC d/b/a
21 TeeFury.com ("TeeFury") is a limited liability company, duly organized and
22 existing under the laws of the State of California, with its principal place of business
23 in Irvine, California. TeeFury operates the website located at www.teefury.com.

### JURISDICTION AND VENUE

25 19.  This Court has jurisdiction over this matter pursuant to 28 U.S.C.
26 §§ 1331 and 1338, as Plaintiffs' claims arise under the Copyright Act, 17 U.S.C.
27 § 101 *et seq.* and the Lanham Act, as amended, 15 U.S.C. § 1051 *et seq.* Plaintiffs'
28 cause of action for unfair competition arises under California state law. The Court

has jurisdiction over this substantial and related claim pursuant to 28 U.S.C. § 1338(b) and § 1367.

20. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## FACTUAL ALLEGATIONS

### TeeFury's Business Model

21. TeeFury is in the business of displaying, promoting, producing, offering for sale, and selling t-shirts, other apparel, and other products (collectively, "TeeFury's products") through its website. TeeFury's products feature designs that regularly make unauthorized use of Plaintiffs' properties.

22. TeeFury regularly promotes a select t-shirt design for a limited 24-hour "Daily Deal" period. TeeFury's select t-shirt designs frequently include one or more of Plaintiffs' Properties.

23. TeeFury solicits these designs from third-party designers and, on information and belief, also displays and sells designs of its own creation.

24. While some designs are submitted by third-party designers, TeeFury maintains total discretion and control over the designs that it displays, promotes, reproduces, offers for sale, and sells on and through its website. TeeFury, and not third-party designers or any other party, exclusively controls the content that appears on TeeFury's website and the merchandise offered for sale thereon.

25. TeeFury is actively involved in the design of the merchandise that it displays, promotes, reproduces, and sells on and through its website. TeeFury offers constructive input to third-party designers regarding how to modify their designs to be more acceptable for selection by TeeFury. TeeFury itself applies designs to products and it fulfills and controls the products' price, packaging, and shipping.

//
//

**TeeFury's Infringing Conduct**

26. TeeFury's website and products regularly feature Plaintiffs' Properties without authorization.

27. The left side of following chart shows non-exhaustive examples of infringing designs that TeeFury displays, promotes, reproduces, offers for sale, and sells. TeeFury's customers may purchase t-shirts, other apparel, or other products featuring these infringing designs. The right side of the chart shows non-exhaustive examples of Plaintiffs' Properties that are infringed by TeeFury's designs.[1]

| INFRINGING DESIGN (Images from TeeFury.com) | PLAINTIFFS' PROPERTIES |
|---|---|
|  |   Captain America TX 4-935-634 / Marvel Comics Style Guide VA 1-659-545  0893770 |

---

[1] The registration numbers listed with Plaintiffs' Properties are copyright registration numbers when a letter prefix is used and trademark registration numbers when no letter prefix is used.

| INFRINGING DESIGN (Images from TeeFury.com) | PLAINTIFFS' PROPERTIES |
|---|---|
|  http://www.teefury.com/panther |  VA 1-978-762 |
|  http://www.teefury.com/by-royal-decree |  Disney Frozen Product Development Portfolio FH13 VA 1-869-411 |

| INFRINGING DESIGN (Images from TeeFury.com) | PLAINTIFFS' PROPERTIES |
|---|---|
|  http://www.teefury.com/i-know-all-about-waiting |  Star Wars: Episode VII – The Force Awakens PA 1-975-592 |
|   http://www.teefury.com/friendly-droid-wax-pack-series-3 |  Star Wars: Episode VII – The Force Awakens – Teaser Trailer PA 1-924-313 |

28. Additional representative examples of TeeFury's infringing designs are provided in Exhibit G.

29. Cataloging a complete list of TeeFury's infringing designs is impossible without discovery. TeeFury's practice of offering "Daily Deals" and featuring designs for only a limited period of time means that TeeFury displays,

- 9 –

Marvel Characters, Inc. et al. v. Tee Fury LLC: Complaint

1  promotes, reproduces, offers for sale, and sells an ever-changing rotation of designs
2  improperly using Plaintiffs' Properties.

3   30.  TeeFury also uses Plaintiffs' Properties without authorization to
4  promote its business in digital advertising on its website and various social media
5  accounts.  For example, Lucasfilm owns the device mark, common law rights, and
6  two registration applications for the word mark, MAY THE FOURTH BE WITH
7  YOU.  *See* Exhibit F.  Defendant began a promotion the first week of May in 2016
8  (coinciding with celebrations of Lucasfilm's MAY THE FOURTH) using the below
9  device, which appropriates Lucasfilm's marks and juxtaposes over it TeeFury's
10 name.



20  31.  In addition to using Lucasfilm's mark, MAY THE FOURTH BE
21 WITH YOU, the above image from TeeFury's website also depicts additional
22 themes, imagery and designs associated with, and owned by, Lucasfilm.  In
23 particular, the above image features unauthorized uses of Lucasfilm's copyrighted
24 expressions and trademarks, including the Death Star, Millennium Falcon, Slave I,
25 TIE Fighter, and X-Wing.
26  32.  TeeFury has offered numerous other "Collections" using themes,
27 imagery and designs associated with Plaintiffs and using intellectual properties
28 owned by one or other of the Plaintiffs.  The "Collections" are organized, named,

Marvel Characters, Inc. et al. v. Tee Fury LLC: Complaint

and curated by TeeFury. Examples of these "Collections" appear below. Note that the first image includes in the background unauthorized uses of Lucasfilm's Darth Vader and Boba Fett characters; the second image includes in its background unauthorized uses of DEI's Ursula, Jack Skellington, and Stitch characters, among others; and the third image includes in its background unauthorized uses of MCI's Captain America, among others.

  

33.  TeeFury also actively promotes sales of products infringing Plaintiffs' Properties through its various social media and email accounts such as Facebook, Twitter, and Instagram. An example of one of these promotions posted to Facebook appears below. This example features unauthorized uses of the character Finn and other imagery from Lucasfilm's Star Wars: Episode VII – The Force Awakens.

//
//
//
//
//
//
//
//
//

Marvel Characters, Inc. et al. v. Tee Fury LLC: Complaint

| INFRINGING DESIGN | PLAINTIFFS' PROPERTY |
|---|---|
|  Posted March 17, 2016<br>Image from TeeFury's Facebook Page | Star Wars: Episode VII – The Force Awakens<br>PA 1-975-592 |

34. When TeeFury selects infringing designs for display, promotion, reproduction, offers for sale, and sale, TeeFury itself is the entity that applies the infringing designs to its products, sets the price for the products, collects the sales revenues, and controls product shipments to customers.

**TeeFury Refuses to Engage With Plaintiffs in Good Faith**

35. For more than 1 year, Plaintiffs have attempted to work with TeeFury to find a way to eliminate from its website blatantly infringing material through a voluntary solution.

36. Plaintiffs sent a cease and desist letter to TeeFury as early as May 8, 2015, identifying designs on TeeFury's site that infringe Plaintiffs' Properties.

37. Since that time, Plaintiffs have sought to discuss a cooperative resolution with TeeFury on more than a dozen separate occasions.

38. In response, TeeFury has failed or chosen not to cooperate. For example, in May 2015, TeeFury received a notice of infringement from Plaintiffs for certain items, but continued to ship those items after receiving the notice.

39. TeeFury's infringing conduct has been and continues to be intentional and willful within the meaning of applicable law governing copyrights and trademarks.

40. Despite Plaintiffs' efforts to resolve this dispute out of court, TeeFury continues to display, promote, reproduce, offer for sale, and sell designs infringing Plaintiffs' Properties. Accordingly, Plaintiffs had no option but to file this lawsuit.

## FIRST CLAIM FOR RELIEF
### (Copyright Infringement)

41. Plaintiffs repeat and reallege all of the allegations contained in Paragraphs 1 through 40, inclusive, as though set forth herein in full.

42. Plaintiffs own all right, title, and interest in and to Plaintiffs' Copyrights, and Plaintiffs have complied in all respects with the provisions of the Copyright Act of 1976, and hold valid copyright registrations in those Plaintiffs' Copyrights included as Exhibits A, C, and E.

43. Defendant has made unauthorized commercial uses, including, without limitation, unauthorized reproductions and/or copies, distribution, and public displays of Plaintiffs' Copyrights and other copyrighted works. Representative images of Defendant's unauthorized use of Plaintiffs' Copyrights are attached as Exhibit G.

44. Defendant's conduct constitutes willful copyright infringement pursuant to 17 U.S.C. § 504(c)(2).

45. Defendant's conduct has injured Plaintiffs in an amount to be determined at trial and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law. As such, Plaintiffs

seek injunctive relief pursuant to 17 U.S.C. § 502, as well as actual damages and any additional profits of Defendant pursuant to 17 U.S.C. § 504, their costs, including attorneys' fees, in prosecuting this action pursuant to 17 U.S.C. § 505. Further, because Defendant's infringing conduct has been and continues to be willful, Plaintiffs, at their election, as an alternative to an award of actual damages and Defendant's profits, are entitled to recover the maximum amount of statutory damages available under 17 U.S.C. § 504(c)(2), for each infringed work.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement)

46. Plaintiffs repeat and reallege all of the allegations contained in Paragraphs 1 through 45, inclusive, as though set forth herein in full.

47. Plaintiffs are the owners of the exclusive rights to Plaintiffs' Trademarks, including the federal registrations included in Exhibits B, D, and F. Each of the trademark registrations relating to Plaintiffs' Trademarks is in full force and effect.

48. Defendant has used and continues to use in commerce unauthorized reproductions, copies, and/or colorable imitations of Plaintiffs' Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of their goods, which use is likely to cause confusion, mistake, and/or deception among consumers. Defendant is therefore liable to Plaintiffs for infringement of Plaintiffs' Trademarks pursuant to 15 U.S.C. § 1114.

49. Defendant's use of reproductions, copies, and/or colorable imitations of Plaintiffs' Trademarks, without Plaintiffs' consent or authorization, has been and continues to be intentional and willful within the meaning of 15 U.S.C. § 1114 and § 1117.

50. Defendant's conduct has injured Plaintiffs in an amount to be determined at trial, and has caused and will continue to cause irreparable injury to

Plaintiffs, for which Plaintiffs have no adequate remedy at law. As such, Plaintiffs seek injunctive relief pursuant to 15 U.S.C. § 1116, as well as actual damages and Defendant's profits or statutory damages pursuant to 15 U.S.C. § 1117, and their reasonable attorneys' fees in prosecuting this action pursuant to 15 U.S.C. § 1117(a). Further, because Defendant's infringing conduct has been and continues to be willful, Plaintiffs are entitled to an enhanced damages award pursuant to 15 U.S.C. § 1117(a).

## THIRD CLAIM FOR RELIEF
### (False Designation of Origin)

51. Plaintiffs repeat and reallege all of the allegations contained in Paragraphs 1 through 50, inclusive, as though set forth herein in full.

52. As a direct result of Plaintiffs' longstanding use, sales, advertising, and marketing, Plaintiffs' Trademarks have acquired a distinctive meaning among the consuming public, who have come to identify Plaintiffs' Trademarks with Plaintiffs and their affiliated companies, and with the goods and services offered by Plaintiffs.

53. Defendant's unauthorized use of Plaintiffs' Trademarks constitutes the use of false or misleading designations of origin, and/or the making of false or misleading representations of fact, in violation of 15 U.S.C. § 1125(a), in that, among other things, such use is likely to cause confusion, deception and mistake among the consuming public and trade as to the source, approval, connection, association, or sponsorship of the goods and services distributed, sold and offered for sale by Defendant bearing infringements of Plaintiffs' Trademarks.

54. Defendant's acts complained of herein are willful and intentional within the meaning of 15 U.S.C. § 1114 and § 1117, and these acts have been and continue to be undertaken with the intention of trading upon the valuable goodwill built up by Plaintiffs or otherwise injuring Plaintiffs.

55. Defendant's conduct has damaged Plaintiffs in an amount to be determined at trial, and has caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law. As such, Plaintiffs seek injunctive relief pursuant to 15 U.S.C. § 1116, as well as actual damages and Defendant's profits pursuant to 15 U.S.C. § 1117(a), and their reasonable attorneys' fees in prosecuting this action pursuant to 15 U.S.C. § 1117(a). Further, because Defendant's conduct has been and continues to be willful, Plaintiffs seek an enhanced damages award pursuant to 15 U.S.C. § 1117(a).

### FOURTH CLAIM FOR RELIEF

**(Unfair Competition Under California Unfair Business Practices Act and Common Law)**

56. Plaintiffs repeat and reallege all of the allegations contained in Paragraphs 1 through 55, inclusive, as though set forth herein in full.

57. As alleged above, each of Plaintiffs' Properties has acquired secondary meaning indicative of origin, relationship, sponsorship and/or association with Plaintiffs.

58. The purchasing public is likely to misattribute Defendant's and/or its customers' use through Defendant's site of one or more of Plaintiffs' Properties as a source of origin, authorization and/or sponsorship by Plaintiffs. The purchasing public is likely to purchase goods from Defendant based on the purchasing public's erroneous beliefs about the source of origin, authorization and/or sponsorship by Plaintiffs of these goods.

59. Defendant's actions constitute unlawful passing off under California's common law of unfair competition.

60. Moreover, Defendant's appropriation, adoption and use of the Plaintiffs' Properties and copies on or in connection with the sale and offering for sale of unauthorized goods and services is likely to confuse or mislead consumers

1  into believing that Defendant's goods are authorized, or approved by Plaintiffs, thus
2  constituting a violation of the California Unfair Business Practices Act, Cal. Bus. &
3  Prof. Code, § 17200, et seq.

4      61.    The deceptive, unfair, and fraudulent practices set forth herein have
5  been undertaken with knowledge by Defendant, willfully, with the intention of
6  causing harm to Plaintiffs, and for the calculated purpose of misappropriating
7  Plaintiffs' goodwill and business reputation.

8      62.    Defendant's unauthorized uses have deprived Plaintiffs of opportunities
9  to conduct business using their trademarks and deprived Plaintiffs of the right to
10  control the use of their trademarks.

11      63.    As a direct and proximate result of Defendant's unlawful infringement,
12  Plaintiffs have suffered damages and will continue to suffer damages in an amount
13  that is not presently ascertainable but will be proven at trial.  Plaintiffs are also
14  entitled to all available relief provided for in California common law and the
15  California Unfair Business Practices Act, Cal. Bus. & Prof. Code, § 17200, et seq,
16  including permanent injunctive relief.

17      64.    Defendant committed the acts alleged herein intentionally, fraudulently,
18  maliciously, willfully, wantonly, and oppressively, with intent to injure Plaintiffs in
19  their business and with conscious disregard for Plaintiffs' rights, thereby justifying
20  awards of punitive and exemplary damages in amounts sufficient to punish and to
21  set an example for others.

## **PRAYER FOR RELIEF**

23  WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

24      1.    That Defendant, its officers, agents, servants, employees, and any
25  persons in active concert or participation with it be preliminarily and permanently
26  enjoined and restrained from directly or indirectly infringing any of Plaintiffs'
27  exclusive rights in Plaintiffs' Copyrights and other copyrights, whether now in
28  existence or later created, including without limitation by copying, distributing,

offering for sale or selling any products bearing or consisting of copies of Plaintiffs' Properties, except pursuant to a lawful license or with the express authority of Plaintiffs;

    2. That Defendant, its officers, agents, servants, employees and any person in active concert or participation with it be preliminarily and permanently enjoined and restrained from using Plaintiffs' Trademarks or any reproduction, counterfeit, copy or colorable imitation of the Plaintiffs' Trademarks in connection with the distribution, advertising, offer for sale and/or sale of merchandise not the genuine products of Plaintiffs;

    3. That Defendant, its officers, agents, servants, employees and any person in active concert or participation with it be preliminarily and permanently enjoined and restrained from otherwise infringing Plaintiffs' Copyrights and other copyrights, Plaintiffs' Trademarks, and/or damaging Plaintiffs' goodwill;

    4. That Defendant, its officers, agents, servants, employees and any person in active concert or participation with it be preliminarily and permanently enjoined and restrained from assisting, aiding or abetting any other person or business entity in engaging in or performing any infringement of Plaintiffs' Copyrights and other copyrights or Plaintiffs' Trademarks;

    5. That Plaintiffs be awarded their damages as well as profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiffs' Trademarks be increased by a sum not exceeding three times the amount thereof as provided by law.

    6. In the alternative to actual damages and profits, that Plaintiffs be awarded statutory damages as may be proper under 17 U.S.C. § 504(c), up to the maximum amount of $150,000 for each of Plaintiffs' Properties that Defendant has infringed, and 15 U.S.C. § 1117, up to the maximum amount of $2,000,000 for each of Plaintiffs' Trademarks infringed by Defendant.

7. That Plaintiffs be awarded their costs and reasonable attorneys' fees incurred in this action.

8. That Plaintiffs be awarded pre-judgment interest on their judgment.

9. That Plaintiffs have such other and further relief as the Court may deem equitable, proper and just.

Dated: July 11, 2016                              MUNGER, TOLLES & OLSON LLP

By: */s/ Laura K. Lin*
        Laura K. Lin

Attorney for Plaintiffs Marvel Characters, Inc., Disney Enterprises, Inc., Lucasfilm Ltd. LLC, and Lucasfilm Entertainment Company Ltd. LLC

# DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a jury trial in this action.

Dated: July 11, 2016

MUNGER, TOLLES & OLSON LLP

By: ___*/s/ Laura K. Lin*___
Laura K. Lin

Attorney for Plaintiffs Marvel Characters, Inc., Disney Enterprises, Inc., Lucasfilm Ltd. LLC, and Lucasfilm Entertainment Company Ltd. LLC