**LEWIS BRISBOIS BISGAARD & SMITH LLP**
THOMAS S. KIDDE, SB# 61717
E-Mail: Thomas.Kidde@lewisbrisbois.com
DEBORAH F. SIRIAS, SB# 102893
E-Mail: Deborah.Sirias@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant Tee Fury LLC
d/b/a TeeFury.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| MARVEL CHARACTERS, INC., DISNEY ENTERPRISES, INC., LUCASFILM LTD. LLC AND LUCASFILM ENTERTAINMENT COMPANY, LTD. LLC,<br><br>Plaintiffs,<br><br>vs.<br><br>TEE FURY LLC d/b/a TEEFURY.COM,<br><br>Defendant. | CASE NO. 8:16-cv-01285-JVS-JCG<br><br>**ANSWER OF DEFENDANT TEE FURY LLC d/b/a TEEFURY.COM TO COMPLAINT**<br><br>The Hon. James V. Selna<br><br>Action Filed: 07/11/16<br>Trial Date: None Set |

Defendant Tee Fury LLC d/b/a TeeFury.com ("Tee Fury") hereby responds to the Complaint of Plaintiffs Marvel Characters, Inc., Disney Enterprises, Inc., Lucasfilm Ltd. LLC and Lucasfilm Entertainment Company, Ltd. LLC ("Plaintiffs") and admits, denies and alleges as follows:

## INTRODUCTION

1. In response to paragraph 1, Tee Fury admits that the allegations therein assert that the claims in the Complaint purport to be based on the Copyright Act, 17 U.S.C. § 101 et seq., the Lanham Act 15 U.S.C. § 1051, et seq., and under California statutory and common law. Tee Fury further admits that the allegations

therein claim that the Court purportedly has jurisdiction under 28 U.S.C. § § 1331, 1338, 1338(b) and 1367. Except as expressly admitted above, Tee Fury denies the remaining allegations contained therein.

## PARTIES

### Plaintiffs and Their Copyrights and Trademarks

2. In response to Paragraph 2, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

3. In response to Paragraph 3, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

4. In response to Paragraph 4, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

5. In response to Paragraph 5, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

6. In response to Paragraph 6, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

7. In response to Paragraph 7, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

8. In response to Paragraph 8, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

9. In response to Paragraph 9, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

10. In response to Paragraph 10, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

11. In response to Paragraph 11, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

12. In response to Paragraph 12, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

13. In response to Paragraph 13, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations cont6ained therein and, on that ground, denies same.

14. In response to Paragraph 14, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

15. In response to Paragraph 15, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

16. In response to Paragraph 16, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

17. In response to Paragraph 17, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

**Defendant**

18. In response to Paragraph 18, Tee Fury admits the allegations contained therein.

**Jurisdiction and Venue**

19. In response to Paragraph 19, Tee Fury admits that the allegations therein assert that the claims in the Complaint purport to be based on the Copyright Act, 17 U.S.C. § 101 et seq., the Lanham Act 15 U.S.C. § 1051, et seq., and under California statutory and common law. Tee Fury further admits that the allegations therein assert that the Court has jurisdiction under 28 U.S.C. § § 1331, 1338, 1338(b) and 1367. Except as expressly admitted above, Tee Fury denies the remaining allegations contained therein.

20. In response to Paragraph 20, Tee Fury admits that it is alleged therein that venue is proper pursuant to 28 U.S.C. §§1391(b) and 1400(a).

**FACTUAL ALLEGATIONS**

**TeeFury's Business Model**

21. In response to Paragraph 21, Tee Fury admits that it is in the business of displaying, promoting, offering for sale, and selling t-shirts, other apparel as well as other products through its website. Except as expressly admitted above, Tee Fury denies the remaining allegations therein.

22. In response to Paragraph 22, Tee Fury denies the allegations contained therein.

23. In response to Paragraph 23, Tee Fury denies the allegations contained therein.

24. In response to Paragraph 24, Tee Fury denies the allegations contained therein.

25. In response to Paragraph 25, Tee Fury admits that it applies the designs used for its products and fulfills the products' price, packaging and shipping.

Except as expressly admitted above, Tee Fury denies the remaining allegations contained therein.

**TeeFury's Infringing Conduct**

26. In response to Paragraph 26, Tee Fury denies the allegations contained therein.

27. In response to Paragraph 27, Tee Fury denies the allegations contained therein.

28. In response to Paragraph 28, Tee Fury denies the allegations contained therein.

29. In response to Paragraph 29, Tee Fury denies the allegations contained therein.

30. In response to Paragraph 30, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations relating to Lucasfilm's ownership of a device mark, common law rights and two registration applications for the word mark MAY THE FOURTH BE WITH YOU. Except as expressly set forth above, Tee Fury denies the remaining allegations contained therein.

31. In response to Paragraph 31, Tee Fury denies the allegations contained therein.

32. In response to Paragraph 32, Tee Fury denies the allegations contained therein.

33. In response to Paragraph 33, Tee Fury denies the allegations contained therein.

34. In response to Paragraph 34, Tee Fury denies the allegations contained therein.

**TeeFury Refuses to Engage With Plaintiffs in Good Faith**

35. In response to Paragraph 35, Tee Fury admits that it has been in discussions with counsel for Plaintiffs regarding the latter's assertions that Tee Fury's website includes infringing material and such discussions included the development of guidelines to assist the parties in identifying potential infringement issues. Except as expressly admitted above, Tee Fury denies the remaining allegations contained therein.

36. In response to Paragraph 36, Tee Fury admits that on or about May 8 2015, some of the Plaintiffs sent a letter to Tee Fury and that included in such letter were claims that certain designs on Tee Fury's website infringed certain properties of the Plaintiffs. Except as expressly admitted above, Tee Fury denies the remaining allegations contained therein.

37. In response to Paragraph 37, Tee Fury admits that since May 2015 Plaintiffs and Tee Fury have sought to discuss a cooperative resolution of Plaintiffs' claims. Except as expressly admitted above, Tee Fury denies the remaining allegations contained therein.

38. In response to Paragraph 38, Tee Fury denies the allegations contained therein.

39. In response to Paragraph 39, Tee Fury denies the allegations contained therein.

40. In response to Paragraph 40, Tee Fury denies the allegations contained therein.

**FIRST CLAIM FOR RELIEF**

**(Copyright Infringement)**

41. In response to Paragraph 41, Tee Fury incorporates by this reference each and every admission, denial and allegation contained in its responses to Paragraphs 1 through 40, above, as though fully set forth herein.

42. In response to Paragraph 42, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

43. In response to Paragraph 43, Tee Fury denies the allegations contained therein.

44. In response to Paragraph 44, Tee Fury denies the allegations contained therein.

45. In response to Paragraph 45, Tee Fury denies the allegations contained therein and further denies that Plaintiffs have been damaged as alleged, or at all.

**SECOND CLAIM FOR RELIEF**

**(Trademark Infringement)**

46. In response to Paragraph 46, Tee Fury incorporates by this reference each and every admission, denial and allegation contained in its responses to Paragraphs 1 through 45, above, as though fully set forth herein.

47. In response to Paragraph 47, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

48. In response to Paragraph 5, Tee Fury denies the allegations contained therein.

49. In response to Paragraph 49, Tee Fury denies the allegations contained therein.

50. In response to Paragraph 5, Tee Fury denies the allegations contained therein and further denies that Plaintiffs have been damaged as alleged, or at all.

**THIRD CLAIM FOR RELIEF**

**(False Designation of Origin)**

51. In response to Paragraph 51, Tee Fury incorporates by this reference each and every admission, denial and allegation contained in it responses to Paragraphs 1 through 50, above, as though fully set forth herein.

52. In response to Paragraph 52, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

53. In response to Paragraph 53, Tee Fury denies the allegations contained therein.

54. In response to Paragraph 5, Tee Fury denies the allegations contained therein.

55. In response to Paragraph 55, Tee Fury denies the allegations contained therein and further denies that Plaintiffs have been damaged as alleged, or at all.

## FOURTH CLAIM FOR RELIEF

## (Unfair Competition Under California Unfair Business Practices Act and Common Law)

56. In response to Paragraph 56, Tee Fury incorporates by this reference each and every admission, denial and allegation contained in it responses to Paragraphs 1 through 55, above, as though fully set forth herein.

57. In response to Paragraph 57, Tee Fury is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that ground, denies same.

58. In response to Paragraph 58, Tee Fury denies the allegations contained therein.

59. In response to Paragraph 59, Tee Fury denies the allegations contained therein.

60. In response to Paragraph 60, Tee Fury denies the allegations contained therein.

61. In response to Paragraph 61, Tee Fury denies the allegations contained therein.

62. In response to Paragraph 62, Tee Fury denies the allegations contained therein.

63. In response to Paragraph 63, Tee Fury denies the allegations contained therein and further denies that Plaintiffs have been damaged as alleged, or at all.

64. In response to Paragraph 64, Tee Fury denies the allegations contained therein.

**PRAYER FOR RELIEF**

65. Tee Fury denies that Plaintiffs are entitled to injunctive relief or any other relief as requested in the Complaint and its Prayer for Relief.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The Complaint, and the claims for relief therein, fails to allege facts sufficient to state a claim for relief against Tee Fury, including, but not limited to, failure to meet the standard of pleading set by the Supreme Court in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

**SECOND AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiffs' claims are barred, in whole or in part, because of its anti-competitive intent and conduct, its misuse of its purported copyright and its abuse of the judicial process, for which a reasonable opportunity for investigation or discovery is likely to provide evidentiary support.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the doctrines of waiver, estoppel, acquiescence and laches.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statute of limitations, including Section 507 of the Copyright Act.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs cannot prevail on their claims against Tee Fury because to the extent Plaintiffs may be entitled to any copyright protection in the Plaintiffs' Copyrights, such protection is extremely thin, and Plaintiffs will not be able to establish infringement under the principles governing thin copyrights.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Tee Fury infringed any copyright interest purportedly held by Plaintiffs relating to the Plaintiffs' Copyrights, which it denies, it did so with innocent intent.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiffs have not sustained any injury or damage as a result of any act or conduct of Tee Fury with respect to the Plaintiffs' Copyrights or Trademarks.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claim for statutory damages under the Copyright Act is barred to the extent the alleged infringement commenced before registration of the purported copyrights.

**ELEVENTH AFFIRMATIVE DEFENSE**

Tee Fury is informed and believes, and on that ground alleges, that Plaintiffs' Trademarks, in whole or in part, are unenforceable as the lack secondary meaning are not known to the consuming public as identifying Plaintiffs' as the source of the goods or services.

**TWELTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred as Tee Fury's acts as alleged in the Complaint constitute fair use.

## THIRTEENTH AFFIRMATIVE DEFENSE

In accordance with the provisions of F.RC.P. Rule 11, at the time of the filing of this Answer all possible affirmative defenses may not have been alleged inasmuch as sufficient facts and relevant information may not have been available after reasonable inquiry under the circumstances. Therefore, Tee Fury reserves the right to amend this Answer to allege additional affirmative defenses if subsequent investigation so warrants.

## PRAYER FOR RELIEF

WHEREFORE, Tee Fury LLC d/b/a/ TeeFury.com prays for judgment as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice and that Plaintiffs take nothing from Tee Fury by virtue of their Complaint;
2. That judgment be entered in favor of Tee Fury and against Plaintiffs;
3. That Tee Fury be awarded its costs of suit and reasonable attorneys' fees incurred herein; and
4. For such other and further relief as this Court may deem just and proper.

DATED: September 16, 2016

THOMAS S. KIDDÉ
DEBORAH F. SIRIAS
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: [signature]
Thomas S. Kiddé
Attorneys for Defendant TEE FURY LLC d/b/a TEEFURY.COM

**DEMAND FOR JURY TRIAL**

Defendant Tee Fury LLC d/b/a TeeFury.com demands a jury trial on all matters so triable.

DATED: September 16, 2016

THOMAS S. KIDDÉ
DEBORAH F. SIRIAS
LEWIS BRISBOIS BISGAARD & SMITH LLP

By: ______________________
Thomas S. Kiddé
Attorneys for Defendant TEE FURY LLC d/b/a TEEFURY.COM